IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SARAH WIDO<br>*Individually and on behalf of all others similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>THE CLEVELAND CLINIC FOUNDATION<br>9500 Euclid Avenue<br>CCF, Ohio 44195<br><br>**Serve also:**<br>CT Corporation System, Stat Agent<br>4400 Easton Commons Way, Ste 125<br>Columbus, Ohio, 43219<br><br>Defendant. | CASE NO.<br><br>JUDGE:<br><br>**COLLECTIVE ACTION COMPLAINT FOR UNPAID OVERTIME UNDER THE FAIR LABOR STANDARDS ACT AND OHIO LAW**<br><br>**(Jury Demand Endorsed Herein)** |

Plaintiff Sarah Wido, individually and on behalf of all others similarly situated, by and through undersigned counsel, as her Complaint against Defendant The CCF Clinic Foundation ("CCF"), states and avers the following:

## PARTIES

1. Wido is an individual residing in Cuyahoga County, Ohio.
2. CCF is an Ohio nonprofit corporation that maintains its principal place of business in CCF, Ohio, and operates the CCF Clinic hospital and medical center.
3. CCF employs Wido as a Research Coordinator II in the Integrated Surgical Institute, Department of Urology, at its Main Campus in CCF, Ohio.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Wido's claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. This Court has supplemental jurisdiction over Wido's related Ohio overtime claims pursuant to 28 U.S.C. § 1367 because those claims arise from the same employment relationship, work, classification, and compensation practices as the FLSA claims.

6. This Court has personal jurisdiction over CCF because CCF is incorporated and headquartered in Ohio and employed Wido in Ohio.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because CCF resides in this District and a substantial part of the events and omissions giving rise to these claims occurred in this District.

## STATUTORY COVERAGE

8. At all relevant times, CCF was Wido's employer within the meaning of 29 U.S.C. § 203(d).

9. At all relevant times, Wido was CCF's employee within the meaning of 29 U.S.C. § 203(e)(1).

10. CCF operates a hospital and constitutes an enterprise engaged in commerce within the meaning of 29 U.S.C. §§ 203(r) and 203(s)(1)(B).

11. CCF controlled Wido's job duties, work expectations, classification, and compensation.

12. At all relevant times, CCF was an employer and Wido was an employee within the meaning of Ohio R.C. § 4111.03(D).

13. CCF's annual gross volume of business exceeds $150,000.

## FACTUAL ALLEGATIONS

14. CCF has employed Wido since at least July 2025.

15. CCF classifies Wido as a salaried employee exempt from overtime compensation.

16. CCF paid Wido a regular semimonthly salary of $2,666.66 in July 2025.

17. By October 2026, CCF paid Wido a regular semimonthly salary of $2,720.00.

18. Wido's primary duties include screening patients against study criteria, updating patient records, reviewing consent forms with patients, coordinating study-related laboratory work, and maintaining study data.

19. Wido performs those duties by following established study protocols and instructions.

20. Wido reviews patient charts against the eligibility criteria specified in the applicable study protocol.

21. When Wido identifies a potentially eligible patient, Wido notifies the physician serving as the study's principal investigator, who makes the eligibility decision.

22. Wido reviews study consent forms with patients and answers nonmedical questions about their rights under the study.

23. Wido refers patients' medical questions to the study physician.

24. When Wido enters an order for a study-related test or procedure, Wido sends the order to the study physician for approval and signature.

25. CCF's program manager reviews Wido's work through quality-assurance checks.

26. Wido implements established study requirements rather than independently determining research protocols or making significant clinical or business decisions.

27. Wido's primary duty does not include the exercise of discretion and independent judgment with respect to matters of significance.

28. Wido holds a high school diploma and does not hold a specialized academic degree or professional license required to perform Wido's work.

29. Wido's primary duty does not require advanced knowledge customarily acquired through a prolonged course of specialized intellectual instruction.

30. CCF nevertheless treats Wido's research-coordination work as exempt from overtime compensation.

31. At all times referenced herein, CCF did not pay Wido any additional overtime compensation when Wido worked more than forty hours in a workweek.

32. On or about January 2026, CCF's Research Program Manager, Gina Rupp ("Rupp"), instructed Wido to report when Wido arrived at and left work.

33. Rupp advised Wido that her position required *at least* eight hours of work per day, if not more, excluding lunch and long breaks.

34. Rupp stated that the same expectations had been communicated to everyone on the team on multiple occasions.

35. Rupp further stated that exempt employees could be required to work outside core hours as business needs dictated.

36. Wido performed work during periods otherwise available for lunch and sometimes remained at work beyond Wido's scheduled hours to perform assigned duties.

37. On or about March 4, 2026, Wido informed Rupp that Wido had worked through lunch on days when Wido left approximately fifteen minutes early.

38. In the same communication, Wido stated that she understood CCF expected her to remain for the full eight and one-half hours even without taking lunch.

39. On or about March 4, 2026, Rupp responded that salaried employees might need to remain longer than eight hours and added, "I make sure to work 8 ½ hours."

40. Rupp stated that Wido could stop sending arrival and departure reports after that week.

41. CCF also required Wido to complete monthly logs allocating work time among studies.

42. Wido worked more than forty hours in certain workweeks during the relevant period, including workweeks in which work performed through lunch or beyond scheduled hours increased Wido's actual working time above forty hours.

43. CCF knew or should have known about Wido's work through its supervision, assignments, work product, arrival and departure communications, and Wido's direct communication about working through lunch.

44. CCF paid Wido the same salary without an overtime premium in workweeks when Wido worked more than forty hours.

45. Wido observed another research coordinator in the same role remain at work beyond scheduled hours.

46. Upon information and belief, CCF applies the same salaried-exempt classification and no-overtime compensation practice to other research coordinators performing substantially similar protocol-driven duties in its Department of Urology.

47. CCF knew or recklessly disregarded whether its classification and compensation practices violated the FLSA because CCF directed and reviewed the coordinators' actual work, knew the limits on their decision-making authority, and required work beyond core hours while treating their salaries as eliminating any overtime entitlement.

48. CCF did not act in good faith or with reasonable grounds to believe that denying overtime compensation to Wido and similarly situated employees complied with the FLSA.

49. As a direct and proximate result of CCF's conduct, Wido has suffered unpaid overtime wages.

## COLLECTIVE ACTION ALLEGATIONS

50. Wido brings this FLSA action pursuant to 29 U.S.C. § 216(b) on behalf of Wido and all other similarly situated employees who file written consents to join this action.

51. The proposed collective consists of current and former Research Coordinator I & Research Coordinator II employees, and employees with comparable titles performing substantially similar nonlicensed, protocol-driven research-coordination duties, whom CCF employed in its Department of Urology in Ohio, classified as salaried and exempt from overtime, and

permitted to work more than forty hours in a workweek without overtime compensation during the three years preceding the filing of this Complaint through final judgment, subject to each employee's applicable limitations period.

52. The proposed collective does not encompass physicians, registered nurses performing nursing duties, or employees whose primary duties materially differ from Wido's protocol-driven research-coordination work.

53. Wido and the proposed collective members are similarly situated because CCF subjected them to common classification and compensation practices despite their substantially similar primary duties.

54. Common issues include whether the coordinators' actual duties qualify for an overtime exemption, whether CCF knew or should have known of uncompensated overtime work, and whether CCF's violations were willful.

55. Upon information and belief, CCF maintains personnel and payroll records identifying employees subject to these practices.

56. Wido seeks discovery concerning the proposed collective and court-authorized notice to similarly situated employees at the appropriate stage of this action.

57. Wido also asserts the Ohio overtime claim on behalf of similarly situated employees who worked in Ohio and file written consents to join as required by Ohio R.C. § 4111.10(C), limited to overtime wages accruing within the applicable two-year Ohio limitations period.

58. Wido's Consent to Sue form, tolling her statute of limitations, is attached hereto as Exhibit "A."

## COUNT I: FAILURE TO PAY OVERTIME IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

59. Wido re-alleges and incorporates by reference the foregoing allegations as if fully rewritten herein.

60. The FLSA required CCF to pay Wido and similarly situated employees overtime compensation at a rate not less than one and one-half times their regular rates for hours worked in excess of forty in a workweek.

61. Wido and similarly situated employees were not exempt from the FLSA's overtime requirements.

62. Wido and similarly situated employees worked more than forty hours in certain workweeks during the applicable limitations period.

63. CCF failed to pay the overtime compensation required by 29 U.S.C. § 207(a)(1) for those workweeks.

64. CCF's violations were willful within the meaning of 29 U.S.C. § 255(a).

65. Wido and similarly situated employees are entitled to recover unpaid overtime compensation, an additional equal amount as liquidated damages, reasonable attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

**COUNT II: FAILURE TO PAY OVERTIME IN VIOLATION OF OHIO R.C. §§ 4111.03 AND 4111.10**

66. Wido re-alleges and incorporates by reference the foregoing allegations as if fully rewritten herein.

67. Ohio R.C. § 4111.03 required CCF to pay Wido and similarly situated Ohio employees overtime compensation for hours worked in excess of forty in a workweek.

68. Wido and similarly situated Ohio employees were not exempt from Ohio's overtime requirements.

69. CCF permitted Wido and similarly situated Ohio employees to work more than forty hours in certain workweeks without paying the required overtime compensation.

70. CCF violated Ohio R.C. § 4111.03 by failing to pay overtime compensation.

71. Pursuant to Ohio R.C. § 4111.10, Wido and similarly situated Ohio employees are entitled to recover unpaid overtime wages, costs, and reasonable attorneys' fees, without duplicative recovery of the same unpaid wages under federal law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Sarah Wido, individually and on behalf of similarly situated employees who join this action, requests judgment against Defendant The Cleveland Clinic Foundation and the following relief:

a. An order permitting this action to proceed collectively and authorizing notice to similarly situated employees at the appropriate stage of the proceedings;

b. An award of unpaid overtime compensation under the FLSA and Ohio R.C. §§ 4111.03 and 4111.10, in an amount to be determined at trial and without duplicative recovery;

c. An additional equal amount as liquidated damages under 29 U.S.C. § 216(b);

d. An award of reasonable attorneys' fees and costs;

e. Prejudgment and post-judgment interest to the extent permitted by law; and

f. Such other and further relief as this Court deems just and proper.

Respectfully submitted,

*/s/ Chris P. Wido*
Chris P. Wido (0090441)
Spitz, The Employee's Attorney
3 Summit Park Drive, Suite 200
Independence, Ohio 44131
Phone: (216) 364-1330
Fax: (216) 291-5744
Email: Chris.Wido@Spitzlawfirm.com

*Attorney for Plaintiff Sarah Wido*

**JURY DEMAND**

Plaintiff Sarah Wido demands a trial by jury on all issues so triable by the maximum number of jurors permitted.

*/s/ Chris P. Wido*
Chris P. Wido (0090441)
Attorney for Plaintiff Sarah Wido